IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Sam Wells, Jr., #269498,                    )
                                            )      Civil Action No. 8:05-0046-HFF-BHH
                        Petitioner,         )
                                            )      **REPORT OF MAGISTRATE JUDGE**
        vs.                                 )
                                            )
William M. White, Warden of Broad           )
River Correctional Institution; and         )
Henry D. McMaster, Attorney General         )
for the State of South Carolina,            )
                                            )
                        Respondents.        )
_____ )

        The petitioner, Sam Wells, Jr., a state prisoner proceeding *pro se*, seeks habeas

corpus relief pursuant to Title 28, United States Code, Section 2254. The respondents have

filed a motion for summary judgment seeking dismissal of the petition.

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B),

and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review post

trial petitions for relief and submit findings and recommendations to the District Court.

## PROCEDURAL HISTORY AND FACTS PRESENTED

### CONVICTION AND DIRECT APPEAL

        The record reveals that the petitioner is currently incarcerated in the Broad River

Correctional Institution of the South Carolina Department of Corrections ("SCDC") pursuant

to orders of commitment from the Clerk of Court of Kershaw County. The petitioner was

indicted at the February 1999 term of court for obtaining goods by false pretenses and at

the March 1999 term of court for burglary in the first degree and grand larceny. (R. attached

to Resp. Post-Conviction Relief Appeal Brief, hereinafter "Tr." at 122-23, 132-33.) On

September 19, 2000, the petitioner pled guilty to the charges and was sentenced by the

Honorable L. Casey Manning to twenty years for burglary in the first degree, five years for

grand larceny, and thirty days for obtaining goods by false pretenses all sentences to run

concurrent. The petitioner did not appeal either his conviction or sentence.

### PCR APPLICATION

The petitioner filed an application for post-conviction relief ("PCR") on September 7, 2001, alleging ineffective assistance of counsel. (Tr. 42-54.) The Honorable Alison R. Lee issued an order dated April 8, 2003, denying and dismissing the application. (Tr. 116-21.) The petitioner filed a timely notice of appeal alleging that his counsel was ineffective for not investigating a witness. The South Carolina Supreme Court denied certiorari on June 24, 2004. The Supreme Court sent the Remittitur to the Kershaw County Clerk of Court on July 12, 2004

### FEDERAL HABEAS CORPUS PETITION

On December 21, 2004, the petitioner delivered a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See Houston v. Lack*, 487 U.S. 266 (1987). The grounds for relief are as follows:

> **Ground One:** Denial of [e]ffective assistance of counsel.
>
> **Ground Two:** Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
>
> **Ground Three:** Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

The respondents filed a motion for summary judgment on April 28, 2005.

## LAW AND ANAYLSIS

### Liberal Construction of *Pro Se* Complaint

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.

2

*Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### SECTION 2254 AND LIMITATIONS PERIOD

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, U.S.C., Section 2244(d)(1), provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **DISCUSSION**

I.    ONE YEAR PERIOD OF LIMITATIONS

The respondents contend that Wells, Jr.'s petition should be dismissed as it was filed outside of the one-year period of limitations proscribed by Section 2254. *See* 28

4

U.S.C. § 2244(d)(1).  In his response, the petitioner makes no rejoinder to the period of limitations argument raised by the respondents.

The relevant portion of Section 2244(d)(1), states that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and that the "limitation period shall run from . . .  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  Section 2244(d)(2), however, tolls the one year period during the pendency of a "properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2).

The petitioner did not file a direct appeal and, therefore, his conviction became final on September 29, 2000, ten days after the imposition of his sentence on September 19, 2000.  The petitioner, therefore, had 365 days from September 29, 2000, absent tolling to file a federal habeas petition.  The petitioner, however, did not file his state PCR application until September 7, 2001, approximately 333 days from the date his conviction became final.  (Tr. 42-54.)  The disposition of the PCR application became final on July 12, 2004, when the South Carolina Supreme Court sent the Remittitur to the Kershaw County Clerk of Court.  Accordingly, another 162 days elapsed from July 12, 2004 until December 21, 2004, when the petitioner delivered his federal habeas petition to the Court.  Thus, a total of 495 days, during which no properly filed state collateral proceeding was pending, had elapsed since the petitioner's conviction had become final on September 29, 2000.

Accordingly, Wells, Jr.'s petition is untimely and should be dismissed.  *See* 28 U.S.C. § 2244(d)(1).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

January 4, 2006
Greenville, South Carolina